CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 OCT 25  AM 9: 02

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:18-CR-099-C |
| DAVID SAMUEL AUGUSTUS CANTU | |

## FACTUAL RESUME

In support of David Samuel Augustus Cantu's plea of guilty to the offense in Count One of the Indictment, Cantu, the defendant, David Sloan, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 1470, that is, Transfer and Attempted Transfer of Obscene Material to a Minor, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant transferred the material charged in the indictment;

*Second.* That the defendant used a facility or means of interstate or foreign commerce to do so;

*Third.* That the defendant knew at the time of the transfer the general

---

[1] Fifth Circuit Pattern Jury Instruction 2.62 (2015) (Section 2.52 provides elements for a violation of 18 U.S.C. § 1465. However, the elements are essentially the same as those for section 1470, except for the added element addressing the age of the recipient); *See also United States v. Rudzavice*, 586 F.3d 310, 314 (5th Cir. 2009).

**David Samuel Augustus Cantu**
**Factual Resume—Page 1**

                contents, character and nature of the material;

*Fourth.*      The material was obscene; and

*Fifth.*      At the time of the transfer, the defendant knew or believed the recipient was not yet 16 years old.

The government must also prove each of the following elements beyond a reasonable doubt:[2]

*First*:      That the defendant intended to transfer obscene material to a minor in violation of 18 U.S.C. § 1470;

*Second.*      That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

## STIPULATED FACTS

1. David Samuel Augustus Cantu, defendant, admits and agrees that on or about July 28, 2018, in the Lubbock Division of the Northern District of Texas, and elsewhere, he knowingly used a facility or means of interstate or foreign commerce, and attempted to transfer to another individual who had not attained the age of sixteen years, obscene matter, that is: Defendant sent one digital image file depicting an adult male engaged in lascivious exhibition of the genitals and pubic area of the adult male to a person Defendant knew and believed to be a minor female who had not attained the age of sixteen years, in violation of Title 18, United States Code, Section 1470.

2. On August 13, 2018, the Lubbock Police Department was contacted by a

---

[2] Fifth Circuit Pattern Jury Instruction 1.32 (2015).

**David Samuel Augustus Cantu**
**Factual Resume—Page 2**

witness ("Witness 1")[3] regarding a sexual relationship between her daughter (hereafter referred to as "Jane Doe"), who was a 15-year-old female, and David Samuel Augustus Cantu (22 years old). At all times relevant to this factual resume, Cantu and Jane Doe were not married. Cantu was a volunteer youth leader at a church that Jane Doe was attending. Witness 1 observed Cantu wandering the area around her house and saw Cantu's vehicle parked on the street where she lives. Witness 1 identified Cantu as a youth leader at Jane Doe's church. Jane Doe admitted to Witness 1 that she and Cantu had been having oral sex with each other several times during an extended number of days. According to Jane Doe, she and Cantu began a relationship during a church camp from July 2 through July 6, 2018. Because Cantu was Jane Doe's youth leader, he knew or believed Jane Doe was not yet 16 years old.

3. A search warrant was executed for Cantu's cellular telephone, which is further identified as an Apple iPhone A1661, Serial Number F2LV2U2YHG00. A review of Cantu's cellular telephone yielded text messages between the two that were consistent with sexual activity between Jane Doe and Cantu.

4. On July 27, 2018, Cantu and Jane Doe exchanged the following text messages, indicating that Cantu knew his conduct was illegal:

Jane Doe: "Should we do this Sam?"

Cantu: "I want to but should we..."

Jane Doe: "Dont get me wrong i love what we have..."

---

[3] The identity of the witness is known to law enforcement, however, her name is not included in this factual resume to protect the identity of Jane Doe.

Jane Doe: "But does it feel wrong? Be honest"

Cantu: "No...it doesn't..."

Jane Doe: "Really, you could lose everything..."

Jane Doe: "Go to jail..."

Cantu: "I know...."

Jane Doe: "Its not worth it sam..."

Jane Doe: "Is it?"

Jane Doe: "I cant have that stress on me"

Jane Doe: "Or what if i get pregnant?"

Jane Doe: "Or someone sees us"

Jane Doe: "I dont want to ruin your life"

Cantu: "If you thinks it best"

Jane Doe: "If we met 3 years later or if you were younger or if i was older, there wouldnt be a problem but we cant change that."

Jane Doe: "Im sorry..."

5. On July 28, 2018, at 7:05:40 p.m. (UTC-5), Cantu sent Jane Doe a picture of him lasciviously exposing his penis and pubic area.

6. Cantu admits that he transferred one digital image file depicting an adult male engaged in lascivious exhibition of the genitals and pubic area of the adult male, using his Apple iPhone A1661, Serial Number F2LV2U2YHG00. This iPhone is a facility or means of interstate or foreign commerce because it uses a cellular or internet data network that operates in interstate and foreign commerce and cellular networks are

regulated by the Federal Communications Commission.  Cantu admits that he knew at the time of the transfer the general contents, character, and nature of the material.  Cantu admits that the material was obscene in that it appealed predominantly to prurient interest, depicted or described sexual conduct in a patently offensive way, and the material, taken as a whole, lacked serious literary, artistic, political, or scientific value.  Cantu admits that at the time of the transfer, he knew or believed the recipient was not yet 16 years old.

7.  The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 24 day of October, 2018.

                                                  ERIN NEALY COX
                                                  UNITED STATES ATTORNEY

| | |
|---|---|
| David Samuel Augustus Cantu<br>Defendant | JEFFREY R. HAAG<br>Assistant United States Attorney<br>West Texas Branch Chief<br>Texas State Bar No. 24027064<br>1205 Texas Avenue, Suite 700<br>Lubbock, Texas 79401<br>Telephone: 806-472-7559<br>Facsimile: 806-472-7394<br>E-mail: jeffrey.haag@usdoj.gov |
| David Sloan<br>Attorney for Defendant | |